MICHAEL L. LARSEN (4069)
DAVID G. MANGUM (4085)
DAVID M. BENNION (5664)
JOHN E. DELANEY (8184)
PARSONS BEHLE & LATIMER
Attorneys for OVERSTOCK.COM
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, UT 84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OVERSTOCK.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NCR CORPORATION, a Maryland corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge Dale A. Kimball<br>DECK TYPE: Civil<br>DATE STAMP: 09/03/2004 @ 08:47:15<br>CASE NUMBER: 2:04CV00814 DAK |

Plaintiff Overstock.com, Inc. ("Overstock.com"), demanding trial by jury, hereby complains against NCR Corporation ("NCR") and alleges as follows:

## PARTIES

1. Plaintiff Overstock.com is a Delaware corporation with corporate offices located at 6322 South 3000 East, Suite 100, Salt Lake City, Utah 84121.

2. Defendant NCR is a Maryland corporation with its principal place of business in Dayton, Ohio. NCR is the assignee of the patents at issue in this Complaint (the "NCR Patents").

## JURISDICTION

3. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, for a declaration pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, that the NCR Patents are not infringed by Overstock.com or are invalid or both.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 28 U.S.C. § 1332 (diversity of parties), and 1338(a) (action arising under an Act of Congress relating to patents). On information and belief, this Court has personal jurisdiction over NCR because NCR has constitutionally sufficient contacts with Utah so as to make personal jurisdiction proper in this Court. In particular, NCR is registered with the Utah Department of Commerce to do business in Utah and has a registered agent for service of process in Salt Lake City, Utah. On information and belief, NCR conducts or solicits business within this District and elsewhere in Utah and derives substantial revenue from the sales of its products and/or services within this District and elsewhere in Utah.

## VENUE

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) & (c).

## GENERAL ALLEGATIONS

6. Overstock.com is a leading Internet retailer of name-brand surplus and closeout merchandise.

2
611208.2

7. NCR has alleged that various Overstock.com offerings infringe the following patents, which are referred to collectively in this Complaint as "the NCR Patents":

a. U.S. Patent No. 6,480,855 (the "'855 Patent"), issued on November 12, 2002, entitled "Managing a Resource on a Network where each Resource has an Associated Profile with an Image";

b. U.S. Patent No. 6,253,203 (the "'203 Patent"), issued on June 26, 2001, entitled "Privacy-Enhanced Database";

c. U.S. Patent No. 6,169,997 (the "'997 Patent"), issued on January 2, 2001, entitled "Method and Apparatus for Forming Subject (Context) Map and Presenting Internet Data According to the Subject Map";

d. U.S. Patent No. 6,151,601 (the "'601 Patent"), issued on November 21, 2000, entitled "Computer Architecture and Method for Collecting, Analyzing and/or Transforming Internet and/or Electronic Commerce Data for Storage into a Data Storage Area";

e. U.S. Patent No. 6,026,403 (the "'403 Patent"), issued on February 15, 2000, entitled "Computer System for Management of Resources";

f. U.S. Patent No. 5,991,791 (the "'791 Patent"), issued on November 23, 1999, entitled "Security Aspects of Computer Resource Repositories";

g. U.S. Patent No. 5,951,643 (the "'643 Patent"), issued on September 14, 1999, entitled "Mechanism for Dependably Organizing and Managing Information for Web Synchronization and Tracking Among Multiple Browsers";

h. U.S. Patent No. 5,832,496 (the "'496 Patent"), issued on November 3, 1998, entitled "System and Method for Performing Intelligent Analysis of a Computer Database";

i. U.S. Patent No. 5,699,526 (the "'526 Patent"), issued on December 16, 1997, entitled "Ordering and Downloading Resources from Computerized Repositories"; and

j. U.S. Patent No. 5,954,798 (the "'798 Patent"), issued on September 21, 1999, entitled "Mechanism for Dependably Managing Web Synchronization and Tracking Operations Among Multiple Browsers."

8. On January 7, 2003, Bruce A. Langos, Vice President of Business Operations & Intellectual Property Management at NCR, wrote to Patrick Byrne, the Chief Executive Officer of Overstock.com, expressly charging that various Overstock.com services infringe the ten NCR Patents identified above. Mr. Langos enclosed claim charts with his letter purportedly illustrating the alleged infringement.

9. In his January 7, 2003 letter, Mr. Langos threatened that NCR would vigorously protect its intellectual property rights if Overstock.com did not agree to license the asserted patents. He further noted that in the past NCR had pursued litigation against alleged infringers of NCR's patents where the purported infringers had refused to enter into licenses with NCR.

10. By virtue of NCR's actions, Overstock.com was placed in reasonable apprehension of a patent infringement suit relating to the NCR Patents. As such, on January 31, 2003, Overstock.com filed a Complaint in the United States District Court for the Central District of Utah, case number 2:03CV0123PGC, seeking a Declaratory Judgment that

4

Overstock.com was not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the NCR Patents as properly construed.

11.  On March 24, 2003, NCR filed its Answer and Counterclaim wherein NCR alleged that Overstock.com infringed all of the NCR Patents except the '798 Patent. On March 8, 2003, Overstock.com filed its Reply to NCR's Counterclaim.

12.  By agreement dated May 9 and 12, 2003, the parties entered into a Standstill Agreement which allows Overstock.com to file a new action for declaratory relief with the United States District Court for the Central Division of Utah upon written notification from NCR of its intention to terminate the Standstill Agreement.

13.  On May 15, 2003, the parties filed a Stipulation of Dismissal Without Prejudice and a Proposed Order of Dismissal Without Prejudice, which was signed by Judge Cassell on May 19, 2003.

14.  By letter dated August 23, 2004, counsel for NCR advised Overstock.com and counsel for Overstock.com that NCR intended to terminate the Standstill Agreement, and provided Overstock.com with the required fourteen (14) days written notice of its intention to do so as provided in the Standstill Agreement.

15.  Overstock.com denies that it infringes any valid claim of any of the NCR Patents.

16.  Because of NCR's termination of the Standstill Agreement, Overstock.com is again placed in reasonable apprehension of a patent infringement suit relating to the NCR Patents. As such, an actual and justiciable controversy exists between NCR and Overstock.com concerning whether Overstock.com infringes any valid claim of the NCR Patents.

Overstock.com now seeks a declaratory judgment that it does not infringe any valid claim of the NCR Patents.

### FIRST CLAIM FOR RELIEF
(Declaratory Relief as to the '855 Patent)

17.   Overstock.com incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

18.   Overstock.com is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '855 Patent as properly construed.

### SECOND CLAIM FOR RELIEF
(Declaratory Relief as to the '203 Patent)

19.   Overstock.com incorporates by reference paragraphs 1 through 18 above as though fully set forth herein.

20.   Overstock.com is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '203 Patent as properly construed.

### THIRD CLAIM FOR RELIEF
(Declaratory Relief as to the '997 Patent)

21.   Overstock.com incorporates by reference paragraphs 1 through 20 above as though fully set forth herein.

22.   Overstock.com is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '997 Patent as properly construed.

### FOURTH CLAIM FOR RELIEF
(Declaratory Relief as to the '601 Patent)

23.   Overstock.com incorporates by reference paragraphs 1 through 22 above as though fully set forth herein.

24. Overstock.com is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '601 Patent as properly construed.

### FIFTH CLAIM FOR RELIEF
(Declaratory Relief as to the '403 Patent)

25. Overstock.com incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

26. Overstock.com is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '403 Patent as properly construed.

### SIXTH CLAIM FOR RELIEF
(Declaratory Relief as to the '791 Patent)

27. Overstock.com incorporates by reference paragraphs 1 through 26 above as though fully set forth herein.

28. Overstock.com is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '791 Patent as properly construed.

### SEVENTH CLAIM FOR RELIEF
(Declaratory Relief as to the '643 Patent)

29. Overstock.com incorporates by reference paragraphs 1 through 28 above as though fully set forth herein.

30. Overstock.com is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '643 Patent as properly construed.

### EIGHTH CLAIM FOR RELIEF
(Declaratory Relief as to the '496 Patent)

31. Overstock.com incorporates by reference paragraphs 1 through 30 above as though fully set forth herein.

32. Overstock.com is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '496 Patent as properly construed.

## NINTH CLAIM FOR RELIEF
(Declaratory Relief as to the '526 Patent)

33. Overstock.com incorporates by reference paragraphs 1 through 32 above as though fully set forth herein.

34. Overstock.com is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '526 Patent as properly construed.

## TENTH CLAIM FOR RELIEF
(Declaratory Relief as to the '798 Patent)

35. Overstock.com incorporates by reference paragraphs 1 through 34 above as though fully set forth herein.

36. Overstock.com is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '798 Patent as properly construed.

## PRAYER FOR RELIEF

WHEREFORE, Overstock.com prays for relief against NCR as follows:

1. For a declaration that Overstock.com does not infringe any valid claim of any of the ten NCR Patents;

2. For a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award to Overstock.com of its attorneys' fees and expenses in this action; and

3. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Overstock.com hereby demands a trial by jury of all issues so triable in this action.

DATED this 2nd day of September, 2004.

                MICHAEL L. LARSEN
                DAVID G. MANGUM
                DAVID M. BENNION
                JOHN E. DELANEY
                PARSONS BEHLE & LATIMER
                Attorneys for OVERSTOCK.COM, Inc.

Plaintiff's Address:

OVERSTOCK.COM, Inc.
6322 South 3000 East, Suite 100
Salt Lake City, UT 84121